

**FILED**
**Jun 18, 2018**
**02:19 PM(CT)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**



## TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT NASHVILLE

| | | |
|---|---|---|
| **James Gower, Jr.,** | ) | **Docket No. 2017-06-0260** |
| **Employee,** | ) | |
| **v.** | ) | |
| **O'Reilly Auto Parts,** | ) | **State File No. 65508-2016** |
| **Employer,** | ) | |
| **And** | ) | |
| **Corvel Corp.,** | ) | **Judge Kenneth M. Switzer** |
| **Carrier.** | ) | |

---

## EXPEDITED HEARING ORDER GRANTING MEDICAL BENEFITS
## (DECISION ON THE RECORD)

---

This case came before the Court on June 18, 2018, on Mr. Gower's Request for Expedited Hearing seeking certain medical benefits without an in-person evidentiary hearing. The Court reviewed the file and held that it needed no additional information to make a decision on the record without an in-person hearing. The Court issued a docketing notice on June 6. O'Reilly Auto Parts submitted a position statement in response to the notice.[1] The present focus of this case is whether Mr. Gower is entitled to fusion surgery and specifically whether his current need for surgery relates to work and is reasonable and necessary treatment. After considering the entire record, the Court holds Mr. Gower satisfied his burden on both issues and orders the requested relief.

### History of Claim

The submitted materials reflect the following facts. On August 17, 2016, Mr. Gower "bent down to pick up lids" at work for O'Reilly when he felt sudden, shooting pain in his left leg. O'Reilly accepted the claim and provided medical care.

Mr. Gower received care from Dr. Juris Shibyama, an orthopedic surgeon, in January 2017. Per the submitted medical records, Dr. Shibyama treated Mr. Gower's

---

[1] Mr. Gower's counsel submitted a brief on June 18, past the deadline contained within the docketing notice, so the Court did not consider his brief.

1

back injury eight times afterward, most recently in April 2018.

At the first visit, Dr. Shibyama diagnosed lumbar radiculopathy and recommended decompression, microdiscectomy with foraminotomy surgery. Records from the visit state that the work injury of August 17, 2016, "is greater than 51% of the cause of his current symptoms, thus making this a work related condition." Per his deposition testimony, Dr. Shibyama acknowledged Mr. Gower's preexisting disc degeneration in his back but related the need for the previous surgery to the work incident.[2] Mr. Gower underwent surgery in March 2017. Afterward, his condition improved, but Mr. Gower continued to experience "popping" in his back. Mr. Gower participated in physical therapy and underwent epidural steroid injections but continued to feel pain, numbness and tingling down the back of his left leg. Dr. Shibyama referred him to pain management, but neither party submitted records from that treatment.

In December 2017, Dr. Shibyama recommended a fusion. O'Reilly declined to authorize it, relying on a Utilization Review report from Dr. Stephen Franzino, which stated, "condition does not require requested level of care[.]" Mr. Gower appealed the decision to the Bureau of Workers' Compensation Medical Unit, Drs. Robert Snyder and James Talmadge, who agreed with Dr. Franzino's determination. Their January 31, 2018 letter stated, "The likelihood of a positive outcome is remote, and there is significant risk. The request is not congruent with the ODG."[3] Mr. Gower did not file a petition for benefit determination specifically challenging this determination.

Dr. Shibyama saw Mr. Gower again in March and April 2018. Dr. Shibyama testified that he felt at that point that surgery "was even more indicated." He noted that by then, Mr. Gower began to develop neurologic deficits and was "actually having a functional deficit, which will actually affect his ability to walk and move." Mr. Gower developed a foot drop and weakness.

Dr. Shibyama later testified:

Q: Doctor, in your opinion to a reasonable degree of medical certainty, do you believe that surgery if he had it now would help him?

---

[2] Mr. Gower's counsel inadvertently stated at Dr. Shibyama's deposition that he gave this causation opinion in a July 31, 2017 office note, but the doctor actually stated the opinion in the January 31, 2017 notes.

[3] "The Bureau of Workers' Compensation has adopted the Work Loss Data Institute ODG® Guidelines as the criteria used to determine the recommended treatments for injured workers in the state of Tennessee. The Treatment Guidelines are guidelines and not mandates, so that their use after January 1, 2016 is appropriate and supports their intended goal of an accessible, transparent and single reference for judging the medical necessity of the recommended treatments." https://www.tn.gov/workforce/injuries-at-work/bureau-services/bureau-services/medical-programs-redirect/medical-treatment-guidelines.html (last visited June 18, 2018).

A:     Yes.

Q:     Okay. All right. Doctor, let me just ask you a question, based on the history that you've taken from this patient, and based on your experience as an orthopedic physician whose [sic] had a great deal of experience in this field, what is your opinion to a reasonable degree of medical certainty as to whether or not the employment contributed greater than 50 percent to cause his injury and his need for treatment?

A:     I would say that the injury was greater than 51 percent the cause of his current injury and symptomology.

Dr. Shibyama further addressed medical necessity and the Utilization Review physicians' opinions at his deposition. Dr. Shibyama acknowledged that he and Dr. Franzino are both fellowship-trained, board-certified orthopedic surgeons, but Dr. Shibyama specializes in spine surgery, while Dr. Franzino does not. Dr. Shibyama further stated that Drs. Snyder and Talmadge are general orthopedic surgeons who are not fellowship-trained in spine surgery. As for the ODG guidelines that Drs. Talmadge and Snyder cited, Dr. Shibyama noted that the particular guideline states that surgery is not recommended for patients with degenerative disc disease. He agreed that surgery is not indicated for some patients with that condition but testified that, "[I]n this patient, I felt that he was a reasonable person who would respond well to surgery." Dr. Shibyama also characterized Mr. Gower as follows: "He had been very genuine with me for the past year in all of the visits that I saw him, and he showed motivation to seem to want to get better."

Based on the medical records and testimony, Mr. Gower seeks an order that O'Reilly provide additional medical benefits and in particular authorize the recommended surgery. O'Reilly counters that Mr. Gower failed to file a petition for benefit determination challenging the decision of the Bureau's Medical Unit within seven days as allowed by Tennessee Compilation Rules and Regulations 0800-02-06.07(6). O'Reilly also contends that the surgery order does not comply with ODG guidelines and thus should be denied.

**Findings of Fact and Conclusions of Law**

At an expedited hearing, Mr. Gower "must come forward with sufficient evidence from which the court can conclude that he or she is likely to prevail at a hearing on the merits." *McCord v. Advantage Human Resourcing,* 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *9 (Mar. 27, 2015).

"The opinion of the treating physician, selected by the employee from the employer's designated panel of physicians . . . shall be presumed correct on the issue of causation but this presumption shall be rebuttable by a preponderance of the evidence." Tenn. Code Ann. § 50-6-102(14)(E) (2017). Here, Dr. Shibyama's opinion on causation for the recommended fusion surgery is unambiguous: the work injury "was greater than 51 percent the cause of his current injury and symptomology." Importantly, O'Reilly introduced no contrary medical opinion on causation, and therefore did not seek to rebut the treating physician's opinion.

Rather, O'Reilly relied on the Utilization Review physicians' opinions to deny based on medical necessity. Mr. Gower is entitled to "medical and surgical treatment . . . ordered by the attending physician . . . made reasonably necessary by accident as defined in this chapter." Tenn. Code Ann. § 50-6-204(a)(1)(A). Any treatment recommended by a physician selected in accordance with section 50-6-204 "shall be presumed medically necessary." Tenn. Code Ann. § 50-6-204(3)(H). This presumption is rebuttable by a preponderance of the evidence. *Morgan v. Macy's,* 2016 TN Wrk. Comp. App. Bd. LEXIS 39, at *17 (Aug. 31, 2016). A trial court generally has the discretion to choose which expert to accredit when there is a conflict of expert opinions. *Brees v. Escape Day Spa & Salon,* 2015 TN Wrk. Comp. App. Bd. LEXIS 5, at *14 (Mar. 12, 2015). In evaluating conflicting expert testimony, a trial court may consider, among other things, "the qualifications of the experts, the circumstances of their examination, the information available to them, and the evaluation of the importance of that information through other experts." *Id.*

Applying these principles, the Court holds that O'Reilly failed to rebut the presumption of medical necessity afforded to Dr. Shibyama's treatment recommendation. Dr. Shibyama testified that Mr. Gower would benefit from the surgery. The Court accredits his testimony over the opinions of the Utilization Review physicians, given that he is a specialist in spine surgery and the other physicians are not. Dr. Shibyama offered a plausible response to their concern that, under the Guidelines, fusion surgery is generally not recommended for patients suffering from degenerative disc disease when he stated a belief that Mr. Gower is a "reasonable person who would respond well to surgery." Importantly, the guidelines are not mandates. Moreover, Dr. Shibyama likely based the opinion that Mr. Gower would benefit from surgery on his impressions of him from meeting and personally examining Mr. Gower on at least nine occasions, while the Utilization Review physicians merely reviewed his records. "It seems reasonable that the physicians having greater contact with the Plaintiff would have the advantage and opportunity to provide a more in-depth opinion, if not a more accurate one." *Orman v. Williams Sonoma, Inc.,* 803 S.W.2d 672, 677 (Tenn. 1991). Notably, Dr. Shibyama's deposition revealed that additional symptoms, most importantly foot drop, developed since the original Utilization Review and Mr. Gower's condition worsened while this matter worked its way to this Court.

As for O'Reilly's contention that Mr. Gower missed his opportunity to challenge the Medical Unit's affirmation of the surgery denial because he did not file a petition for benefit determination within seven days, the Court disagrees. O'Reilly cited Tennessee Rules and Regulations 0800-02-06-.07(6): [I]f any party, including an employee, employer, or a carrier, disagrees with a determination of the Medical Director's recommended or denied treatment, then the aggrieved party *may* file a Petition for Benefit Determination (PBD) with the Court of Workers' Compensation Claims within seven (7) business days of the receipt of the determination to request a hearing." (Emphasis added.) By the rule's plain language, the filing of a petition for benefit determination is permissive within seven days; it is not required in order to bring the matter to this Court. In fact, the medical examinations that identified Mr. Gower's deteriorating condition did not occur until March and April, after the Utilization Review physicians issued their denial.

In sum, the Court concludes that Mr. Gower sufficiently demonstrated he is likely to prevail at a hearing on the merits that the work incident resulted in the need for the current proposed treatment, fusion surgery, and this course of treatment is reasonable and necessary. The Court grants the requested relief.[4]

**IT IS, THEREFORE, ORDERED** as follows:

1. O'Reilly or its workers' compensation carrier shall authorize the recommended fusion surgery.

2. This matter is set for a Scheduling Hearing on **August 23, 2018, at 9:00 a.m. Central Time.** You must call 615-532-9552 or toll-free at 866-943-0025 to participate. Failure to call may result in a determination of the issues without your further participation.

3. Unless interlocutory appeal of the Expedited Hearing Order is filed, compliance with this Order must occur no later than seven business days from the date of entry of this Order as required by Tennessee Code Annotated section 50-6-239(d)(3) (2017). The Insurer or Self-Insured Employer must submit confirmation of compliance with this Order to the Bureau by email to WCCompliance.Program@tn.gov no later than the seventh business day after entry of this Order. Failure to submit the necessary confirmation within the period of compliance may result in a penalty assessment for non-compliance. For

---

[4] On the January 31 Petition for Benefit Determination, Mr. Gower's counsel wrote that the parties disputed the recommended surgery and temporary total disability benefits, noting, "I am also requesting penalties." The parties later settled the issue regarding disability benefits. The Court declines to refer the matter to the Compliance Unit for consideration of the imposition of a penalty regarding the dispute over medical benefits.

questions regarding compliance, please contact the Workers' Compensation Compliance Unit via email at WCCompliance.Program@tn.gov.

**ENTERED June 18, 2018.**

**JUDGE KENNETH M. SWITZER**
**Court of Workers' Compensation Claims**

**APPENDIX**

The Court considered the following documents:
1. Petition for Benefit Determination, January 31, 2018
2. Utilization Review Appeal determination, January 31, 2018
3. Dispute Resolution Statement, March 29, 2018
4. Deposition of Juris Shibyama, M.D.
5. Petition for Benefit Determination, May 2, 2018
6. Request for Expedited Hearing
7. Affidavit of James Gower
8. Dispute Certification Notice
9. Docketing Notice
10. Employer's Response to Employee's Request for Expedited Hearing.

**CERTIFICATE OF SERVICE**

I certify that a copy of the Expedited Hearing Order was sent to the following recipients by these methods of service on June 18, 2018.

| Name | Certified Mail | Via Fax | Via Email | Service sent to: |
|------|------|------|------|------|
| Stephan Karr, Employee's attorney | | | X | steve@flexerlaw.com |
| Nick Akins, Employer's attorney | | | X | nakins@morganakins.com plunny@morganakins.com |

**Penny Shrum, Clerk of Court**
**Court of Workers' Compensation Claims**
**WC.CourtClerk@tn.gov**

6



<u>Expedited Hearing Order Right to Appeal</u>:

If you disagree with this Expedited Hearing Order, you may appeal to the Workers' Compensation Appeals Board. To appeal an expedited hearing order, you must:

1. Complete the enclosed form entitled: "Expedited Hearing Notice of Appeal," and file the form with the Clerk of the Court of Workers' Compensation Claims *within seven business days* of the date the expedited hearing order was filed. When filing the Notice of Appeal, you must serve a copy upon all parties.

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing of the Notice of Appeal. Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service. In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the fee. You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal. **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of the appeal.**

3. You bear the responsibility of ensuring a complete record on appeal. You may request from the court clerk the audio recording of the hearing for a $25.00 fee. If a transcript of the proceedings is to be filed, a licensed court reporter must prepare the transcript and file it with the court clerk *within ten business days* of the filing the Notice of Appeal. Alternatively, you may file a statement of the evidence prepared jointly by both parties *within ten business days* of the filing of the Notice of Appeal. The statement of the evidence must convey a complete and accurate account of the hearing. The Workers' Compensation Judge must approve the statement before the record is submitted to the Appeals Board. If the Appeals Board is called upon to review testimony or other proof concerning factual matters, the absence of a transcript or statement of the evidence can be a significant obstacle to meaningful appellate review.

4. If you wish to file a position statement, you must file it with the court clerk within *ten business days* after the deadline to file a transcript or statement of the evidence. The party opposing the appeal may file a response with the court clerk *within ten business days* after you file your position statement. All position statements should include: (1) a statement summarizing the facts of the case from the evidence admitted during the expedited hearing; (2) a statement summarizing the disposition of the case as a result of the expedited hearing; (3) a statement of the issue(s) presented for review; and (4) an argument, citing appropriate statutes, case law, or other authority.

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



# EXPEDITED HEARING NOTICE OF APPEAL
Tennessee Division of Workers' Compensation
www.tn.gov/labor-wfd/wcomp.shtml
wc.courtclerk@tn.gov
1-800-332-2667

Docket #: _____

State File #/YR: _____

RFA #: _____

Date of Injury: _____

SSN: _____

_____

**Employee**

_____

**Employer and Carrier**

## Notice

Notice is given that _____

[List name(s) of all appealing party(ies) on separate sheet if necessary]

appeals the order(s) of the Court of Workers' Compensation Claims at _____

_____to the Workers' Compensation Appeals Board.

[List the date(s) the order(s) was filed in the court clerk's office]

**Judge**_____

## Statement of the Issues

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____

_____

_____

## Additional Information
**Type of Case** [Check the most appropriate item]

- ☐ Temporary disability benefits
- ☐ Medical benefits for current injury
- ☐ Medical benefits under prior order issued by the Court

## List of Parties
**Appellant (Requesting Party):**_____At Hearing: ☐Employer ☐Employee

Address:_____

Party's Phone:_____Email:_____

Attorney's Name:_____ BPR#: _____

Attorney's Address:_____ Phone: _____

Attorney's City, State & Zip code:_____

Attorney's Email:_____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ SF#: _____ DOI: _____

## Appellee(s)
**Appellee (Opposing Party):**_____At Hearing: ☐Employer ☐Employee

Appellee's Address: _____

Appellee's Phone:_____Email:_____

Attorney's Name:_____ BPR#: _____

Attorney's Address:_____ Phone: _____

Attorney's City, State & Zip code: _____

Attorney's Email:_____

*\* Attach an additional sheet for each additional Appellee \**

## CERTIFICATE OF SERVICE

I,_____, certify that I have forwarded a true and exact copy of this Expedited Hearing Notice of Appeal by First Class, United States Mail, postage prepaid, to all parties and/or their attorneys in this case in accordance with Rule 0800-02-22.01(2) of the Tennessee Rules of Board of Workers' Compensation Appeals on this the_____day of_____, 20__.


[Signature of appellant or attorney for appellant]   _____



**Tennessee Bureau of Workers' Compensation**
**220 French Landing Drive, I-B**
**Nashville, TN 37243-1002**
**800-332-2667**

### AFFIDAVIT OF INDIGENCY

I, _____, having been duly sworn according to law, make oath that because of my poverty, I am unable to bear the costs of this appeal and request that the filing fee to appeal be waived. The following facts support my poverty.

1. Full Name:_____     2. Address: _____

3. Telephone Number: _____     4. Date of Birth: _____

5. Names and Ages of All Dependents:

_____     Relationship: _____

_____     Relationship: _____

_____     Relationship: _____

_____     Relationship: _____

6. I am employed by: _____

My employer's address is: _____

My employer's phone number is: _____

7. My present monthly household income, after federal income and social security taxes are deducted, is:

$ _____

8. I receive or expect to receive money from the following sources:

| | | | |
|---|---|---|---|
| AFDC | $ _____ | per month | beginning _____ |
| SSI | $ _____ | per month | beginning _____ |
| Retirement | $ _____ | per month | beginning _____ |
| Disability | $ _____ | per month | beginning _____ |
| Unemployment | $ _____ | per month | beginning _____ |
| Worker's Comp. | $ _____ | per month | beginning _____ |
| Other | $ _____ | per month | beginning _____ |

LB-1108 (REV 11/15)                                                    RDA 11082

9. My expenses are:

Rent/House Payment $ _____ per month    Medical/Dental $ _____ per month

| | | | | |
|---|---|---|---|---|
| Groceries | $ _____ per month | | Telephone | $ _____ per month |
| Electricity | $ _____ per month | | School Supplies | $ _____ per month |
| Water | $ _____ per month | | Clothing | $ _____ per month |
| Gas | $ _____ per month | | Child Care | $ _____ per month |
| Transportation | $ _____ per month | | Child Support | $ _____ per month |
| Car | $ _____ per month | | | |
| Other | $ _____ per month (describe: _____ ) | | | |

10. Assets:

| | | | |
|---|---|---|---|
| Automobile | $ _____ | (FMV) | _____ |
| Checking/Savings Acct. | $ _____ | | |
| House | $ _____ | (FMV) | _____ |
| Other | $ _____ | Describe: | _____ |

11. My debts are:

| Amount Owed | To Whom |
|---|---|
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |

**I hereby declare under the penalty of perjury that the foregoing answers are true, correct, and complete and that I am financially unable to pay the costs of this appeal.**

_____
APPELLANT

Sworn and subscribed before me, a notary public, this

_____ day of _____, 20_____.

_____
NOTARY PUBLIC

My Commission Expires:_____